**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5697-17T2

O.M.,

    Plaintiff-Respondent,

v.

M.Y.W.,

    Defendant-Appellant.

_____

Argued July 9, 2019 – Decided July 31, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FD-18-0357-18.

Elizabeth M. Foster-Fernandez argued the cause for appellant (Eveland & Foster, LLC, attorneys; Elizabeth M. Foster-Fernandez and Jason D. Eveland, on the briefs).

Scott J. Capriglione argued the cause for respondent.

PER CURIAM

Defendant M.W.[1] appeals from an August 8, 2018 order establishing custody and parenting time for the parties' then six-year-old child. Because the order was entered without regard to the parties' agreement to conduct a parenting evaluation of the child and without conducting a plenary hearing to resolve the disputed facts, we reverse.

The parties, never married, had a child together in December 2011. The parties separated five months after the child's birth, and for the next five years, the child lived with defendant and spent every other weekend with plaintiff O.M. In September 2017, plaintiff moved to the same town where defendant and the child resided, and he requested to spend more time with his son.

When the parties could not agree on a revised custody arrangement,[2] plaintiff filed an application for shared custody on an equal basis. This was the first time the parties had requested judicial intervention regarding their child. Defendant opposed the application, seeking to continue the status quo arrangement, and requesting child support.

In March 2018, the parties executed a comprehensive consent order regarding custody and parenting time. Pending a custody evaluation, defendant

---

[1] We use initials to preserve the confidentiality of the family. R. 1:38-3(d)(13).

[2] Defendant agreed to increased parenting time, but not to shared custody.

was designated as the parent of primary residence, the parties shared joint legal custody, plaintiff was accorded additional parenting time, a holiday schedule was set, and child support and extracurricular expense responsibilities were established. Each party was given the opportunity to retain a custody expert in "preparation of a Best Interest Custody Evaluation and Report." Case management orders in April and May 2018 set discovery deadlines.

On May 24, 2018, the parties informed the court of their agreement to retain a joint custody expert "to resolve the outstanding issues regarding custody and parenting time." On June 14, 2018, the parties advised the court that their settlement discussions and court mediation had been unsuccessful. However, they had agreed on the joint custody expert and were arranging for his retainer.

In an inexplicable response to the parties' June 14 letters, the Family Part judge sent an email to counsel advising "there [was] no longer a genuine and substantial dispute of material fact warranting a full plenary hearing." In determining that a hearing was not necessary to set a parenting time plan, the judge vacated the previous case management orders and scheduled a modification hearing for later that month "at which time the outstanding terms regarding parenting time w[ould] be addressed and disposed of on the record."

A-5697-17T2

The judge denied defendant's subsequent order to show cause application requesting the reinstatement of the case management orders.

During a case management conference in July, defendant's counsel reminded the court of the information in defendant's certification describing the child's behavioral and academic issues, his diagnosis of ADHD, the school's referral to a child psychologist, and the child's fear that plaintiff would "pop[]" him as a form of discipline. Defendant requested the court permit the parties to continue with their agreed upon plan to engage a joint custody evaluator.

Instead, the court decided to interview the child. Several days later the judge spoke with the child for twenty minutes, inquiring whether he liked school and summer camp. She also asked him numerous times if he wanted to spend more time and have more sleepovers with plaintiff to which the child responded that he enjoyed spending time with plaintiff and would like to see him more. He also described his father hitting him on the "butt" when he was not listening and that it hurt.

When the parties returned to court in August, the judge described her impressions of the child from her interview. She found his description of plaintiff's discipline "cute and funny" and expressed her belief that there was

nothing wrong with limited corporal punishment because she was exposed to the same by her own parents.

In addressing defendant's concerns about the child's behavioral issues and the school's observations and recommendations, the judge replied, "He is, in my view, not as bad as everybody perceives him to be." She reiterated that there were no material issues of fact requiring a plenary hearing. After a lengthy back and forth discussion with counsel, and the judge's questioning of plaintiff, she issued a final custody and parenting time order according plaintiff five overnights every other week and two dinners on the alternate week.

On appeal, defendant argues that the court erred in making an award of custody and parenting time without permitting discovery, expert evaluation, and a plenary hearing. We agree.

It is well-established that the family court must conduct a plenary hearing in a contested custody matter where the parties present materially divergent representations of fact. See J.G. v. J.H., 457 N.J. Super. 365, 372 (App. Div. 2019). As we have stated,

> A court, when presented with conflicting factual averments material to the issues before it, ordinarily may not resolve those issues without a plenary hearing. While we respect the family court's special expertise, a court may not make credibility determinations or

resolve genuine factual issues based on conflicting affidavits. . . .

Moreover, a plenary hearing is particularly important when the submissions show there is a genuine and substantial factual dispute regarding the welfare of children.

[K.A.F. v. D.L.M., 437 N.J. Super. 123, 137-38 (App. Div. 2014) (citations omitted).]

Plaintiff's application requested the court make an initial custody determination. Although the parties had attempted to work together regarding custody and parenting issues, they reached a dead end when plaintiff moved closer to defendant's residence and asked for more parenting time. His filing to the court requested a shared custody arrangement – 50/50. Thereafter, the parties proffered materially conflicting certifications regarding the child's behavior, academic issues, medical diagnoses, and methods of discipline. They agreed both on the necessity of an expert custody evaluation and on a joint expert.

The family judge erred in disregarding the parties' desire and need for a custody evaluation. The judge also erred in vacating the prior case management orders and in determining, without substantiating reasons, that there were no longer any material factual issues.

The judge entertained counsels' oral argument, but then questioned plaintiff without cross-examination. She did not ask defendant any questions. Her twenty-

minute interview of a six-year-old child is not a substitute for expert evaluation. Although the judge did consider the factors under N.J.S.A. 9:2-4 in making her custody determination, she only relied on her own life experiences and judgment. Without permitting the exchange of discovery, expert evaluation and testimony, and the testimony of the parties, the judicial decision lacks an evidential basis, and cannot stand. See Fusco v. Fusco, 186 N.J. Super. 321, 327 (App. Div. 1982) (holding a parenting time decision "made without an evidential basis, without examination and cross-examination of lay and expert witnesses . . . is untenable in the extreme").

As a result, we are constrained to vacate the custody order and remand to the Family Part for a custody analysis to determine the best interests of the child, permitting a custody evaluation, expert and lay testimony, and a consideration of the N.J.S.A. 9:2-4 factors.

Reversed, vacated, and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5697-17T2